UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE OVIDIO HERNANDEZ,

                Plaintiff,

      -against-

FARVA JAFRI; RICHARD SKLARIN; SAMI
NASSER; MARCI DUSTIN; JENNA
LAZZARO,

            Defendants.

24-CV-6972 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated September 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Plaintiff, who was represented by attorney Fava Jafri, sued Stop One Minimarket and Corte Provisions in the Surpeme Court of the State of New York, Westchester County, for selling and distributing an expired product.

Attorney Jafri gave Plaintiff "less than 24 hours' notice" of his obligation to appear at a deposition on January 3, 2024. At the deposition, it became clear that Jafri was on the side of the defendants because she "affirm[ed] the absence of security cameras in the store," despite the written statements of eight customers to the contrary. (ECF 1 at 4.) Jafri also allowed attorney Richard Skarin to question Plaintiff about his morbid obesity, causing him to experience a "cardiac event" during the deposition. (*Id.* at 4.)

On January 13, 2024, Jafri withdrew from representing Plaintiff, allegedly based on Plaintiff's "inappropriate telephone conversation with one of her employees." (*Id.*) Plaintiff contends that, in fact, Jafri withdrew because of his registered letter requesting information about the identities of those present at the January 3, 2024 deposition.

Attorney Richard Sklarin is alleged to have (1) obtained a document that had disappeared from the files of New York State Division of Human Rights; (2) spit in Plaintiff's face; and (3) asked Plaintiff questions at the deposition about his immigration status and a prior traffic accident.

Attorney Sami Nasser allegedly conducted the oath for Plaintiff's deposition, despite his not having authority to do so. (*Id.* at 5.) Nasser also "slandered" Plaintiff in an email, stating that Plaintiff "did not attend the June 3, 2024 conference." (*Id.*)

Plaintiff sues Marci Loren Dustin, a reporter from Dalco Reporting, Inc. Plaintiff alleges that Dustin signed a transcript although she was "not the person who was physically present acting as a stenographer at the deposition." (*Id.*)

Jenna Lazzaro, Esq., is described as an "assistant law clerk" for the Supreme Court of the State of New York, Westchester County. (*Id.* at 5.) Plaintiff sues her for repeatedly "not responding to [his] pertinent requests for clarification regarding ireregularities and inconsistencies in the development of the case . . . ." (*Id.*)  Lazzaro allegedly (1) ignored Plaintiff's request to send a copy of the deposition notice; (2) told Plaintiff that he had to request the recording of the deposition directly from his attorney and that payment would be required; (3) ignored his request for the identification of the interpreter at conferences on March 25 and June 3, 2024; (4) failed to respond to his request for transcripts of the March 25 and June 3, 2024 conferences; (5) scheduled proceeedings without regarding to Plaintiff's medical conditions; and (6) failed to respond to Plaintiff's claim that "documents were erased from the system" and that documents were not ordered sequentially. (*Id.* at 5-6.)

 Plaintiff sues attorneys Fava Jafri, Richard Sklarin, and Sami Nasser, as well as Marci Loren of Dalco Reporting, Inc., and Supreme Court, Westchester County, law clerk Jenna Lazzaro. He seeks damages.

## DISCUSSION

**A.    Law Clerk Lazzaro**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."
*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot
overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from
liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d
47, 51 (2d Cir. 1994). Judicial immunity does not apply when the judge takes action "outside"
his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in
absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10
(describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be
construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S.
349, 356 (1978).

Judicial immunity has also been extended to others who perform functions closely
associated with the judicial process, including "administrative officials performing functions
closely associated with the judicial process because the role of the 'hearing examiner or
administrative law judge . . . is functionally comparable to that of a judge,'" *Montero v. Travis*,
171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)), and
other court employees for their acts that assist a judge in the performance of judicial duties, *see
Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.
1999); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending
judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988)
(extending judicial immunity to a judge's law clerk).

Plaintiff sues Law Clerk Lazzano for "acts arising out of, or related to, individual cases"
before the Supreme Court, Westchester County. *Bliven*, 579 F.3d at 210. Plaintiff asserts claims
against Lazzano for her scheduling of conferences, and handling of documents and requests in

Plaintiff's case. Defendant Lazzano is therefore immune from suit for damages for such actions, and Plaintiff's claims against Lazzano must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.    Private Parties

In addition to bringing claims for slander and other torts arising under state law, Plaintiff contends that attorneys Fava Jafri, Richard Sklarin, and Sami Nasser, and Marci Loren of Dalco Reporting, Inc., violated his constitutional rights to due process. The Court therefore construes these allegations as asserting federal claims under 42 U.S.C. § 1983.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Marci Loren of Dalco Reporting, Inc. is a private party not alleged to be employed by the government. Attorneys Fava Jafri, Richard Sklarin, and Sami Nasser are alleged to be employed at private law firms. Absent special circumstances, private attorneys do not have the degree of state involvement necessary to be considered state actors, even if the attorneys are court-appointed or employed as public defenders. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendants Jafri, Sklarin, Nasser, and Loren are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendants Jafri, Sklarin, Nasser, and Loren.

**C.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's federal claims are dismissed, 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), and the Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of his state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:    October 25, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge